**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Erika MACIAS–JIMENEZ,**
**Defendant–Appellant.**

No. 14–50369

United States Court of Appeals,
Ninth Circuit.

Submitted September 27, 2016 *

Filed October 03, 2016

Michelle Wasserman, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, San Diego, CA.

Robert H. Rexrode, III, Law Offices of Robert H. Rexrode, San Diego, CA.

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Erika Macias–Jimenez appeals from the district court's judgment and challenges the 70-month sentence imposed following her guilty-plea conviction for importation of cocaine and methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Macias–Jimenez argues that the district court erred in denying a minor role reduction to her base offense level under

U.S.S.G. § 3B1.2(b). We decline to reach this claim because any error was harmless. The district court initially calculated the Guidelines range without a minor role adjustment and explained why a downward variance to a sentence of 70 months was appropriate. It then performed its sentencing analysis a second time, based on the Guidelines range that resulted from a minor role reduction, and again arrived at a sentence of 70 months. Under these circumstances, we conclude that any error in failing to grant the minor role reduction requested by Macias–Jimenez was harmless. *See United States v. Munoz–Camarena*, 631 F.3d 1028, 1030 n.5 (9th Cir. 2011) (harmless error may result where the district judge "acknowledges that the correct Guidelines range is in dispute and performs his analysis twice, beginning with both the correct and incorrect range").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

